DECISION
This appeal concerns a clerical error that occurred for the six tax years: 2003-04 through 2008-09. The residential property is identified as Account 01504900.
A case management conference was held on April 28, 2009. John H. Aanderud and Christine M. Aanderud appeared on their own behalf. Matt Healy (Healy), senior appraiser, represented Defendant. The parties agreed the decision would be based on written submissions. Subsequently, arguments were filed. The record closed June 5, 2009.
 I. STATEMENT OF FACTS
The subject property is a single-family residence built in 1995 and located in Clackamas County. (Def's Ex D at 2.) It is a two story residence with an attached garage. (Def's Ex C.) Defendant's appraiser, Healey, states that on May 1, 1995, an appraiser physically inspected the subject property. (Declaration of Matt Healy at 1, paragraph 3.) According to appraisal records, the most recent physical appraisal of the property was on March 1, 1996. (Def's Ex F at 2.) Those appraisal records include two undated photographs of the property and a hand-drawn diagram; an appraisal spreadsheet printed August 1, 1995; appraisal spreadsheets printed June 5, 2000; appraisal spreadsheets printed November 2, 2007; and appraisal spreadsheets printed January 6, 2009. (Def's Ex B; Def's Ex C; Def's Ex D; Def's Ex E; Def's Ex F.) *Page 2 
The appraisal spreadsheet printed August 21, 1995, is a summary of the property that includes an attached garage. (Def's Ex C.) The undated photographs and hand-drawn diagram include an attached garage. (Def's Ex B.) That 1995 appraisal record of the subject property included an 884 square foot garage in the "structural detail" section, but did not include the garage in the "land data features adjustments" (valuation section). (Def's Ex C.) That valuation section includes specific features of the property such as the finished basement (BMF) and upper story (USF), the square footage of each, the corresponding cost factor entitled "unit price[,]" and the resulting value of each of those features. (Id.)
The appraisal spreadsheets printed June 5, 2000, conclude a value of zero for the attached garage. (Def's Ex D at 2.) The appraisal spreadsheets printed November 2, 2007, also state a value of zero for the value of the attached garage. (Def's Ex E at 2.) The appraisal spreadsheets printed January 6, 2009, include an attached garage with 884 square feet and a value of $30,900 in the "Exterior Features" section. (Def's Ex F at 2.) That spreadsheet shows an appraisal date of "03/01/1996." (Id.)
Defendant issued a Clerical Error Correction Notice (CECN), dated January 27, 2009. (Ptfs' Compl at 2.) The CECN stated that Defendant "intend[ed] to add the property value * * * to the year or years of the error." (Id.) The CECN stated that "[t]he error occurred because the attached garage was not valued." (Id.) Healy's declaration states that, in January 2009, Defendant discovered that the value of the attached garage was not placed on the tax roll. (Declaration of Matt Healy at 2, paragraph 8.) Healy stated that, other than the main level, the square footage of each section of the home must be manually entered into the valuation module to generate a value. (Id. at paragraph 4.) Defendant contends that, due to a clerical error, the square footage of the attached garage was never entered into the valuation module and the value *Page 3 
of the attached garage was therefore "never * * * placed on the tax roll." (Id. at paragraph 8.) Defendant argues that ORS 311.205(1)(a) provides that the tax roll may be corrected for the six tax years at issue because the attached garage was never valued due to a clerical error. (Def's Ltr at 2, June 3, 2009.) Defendant contends that the error was discovered in the appraisal work file, and would have been corrected had it been discovered before the tax roll was certified. (Id.)
Plaintiffs contend that the value of the attached garage was actually placed on the tax roll in 1995 and that taxes on the property have increased annually by an average of 3 percent. (Ptfs' Ltr at 1, May 31, 2009.) Plaintiffs argue that they have paid taxes on the value of the attached garage since the 1996-97 tax year. (Id.) Plaintiffs also argue that the correction would be a revaluation of already assessed property and therefore the error cannot be corrected. (Ptfs' Compl at 3.)
 II. ANALYSIS
ORS 311.205(1)[1] allows a county assessor to make corrections for "errors or omissions" in the tax roll. The statute states, in relevant part:
 "The officer may correct a clerical error. A clerical error is an error on the roll which either arises from an error in the ad valorem tax records of the assessor * * * or which is a failure to correctly reflect the ad valorem tax records of the assessor * * * and which, had it been discovered by the assessor * * * prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as matter of course, and the information necessary to make the correction is contained in such records. Such errors, include, but are not limited to, arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll."
ORS 311.205(1)(a). There are three statutory considerations to determine if Defendant's not including the value of Plaintiffs' attached garage in the tax roll is a "clerical error" subject to the correction provisions of ORS 311.205. A clerical error must arise from an error in the tax *Page 4 
records of the assessor; be such that, if it had been discovered prior to certification of the assessment and tax roll, would have been corrected as a matter of course; and the records contain the information required to make the correction. ORS 311.205(1)(a).
A. Clerical Error
1. "[A]rise[] from an error in the ad valorem tax records of theassessor" ORS 311.205(1)(a)
The first statutory consideration is whether the "clerical error" arose from "an error in the ad valorem tax records of the assessor[.]" Id.
Records include "field notes, the assessment roll, tax cards, deeds, vouchers and appraisal cards and jackets, which are regularly maintained by the assessor's office and used to determine value." OAR 150.311.205(1)(a)(3)(a).[2] Clerical errors include "arithmetic and copying errors, and the omission or misstatement of a land, improvement or other property value on the roll." ORS 311.205(1)(a). The appraisal spreadsheets printed August 21, 1995, included an 884 square foot garage in the "structural detail" section, but did not include the corresponding value of the attached garage in the valuation section. (Def's Ex C.) The appraisal spreadsheets printed June 5, 2000, and November 2, 2007, did not include the square footage or the value of the attached garage. (Def's Ex D at 2; Def's Ex E at 2.) Nothing in the appraisal record suggests the attached garage was valued at zero. The attached garage and corresponding square footage were not "cop[ied]" into the valuation section of the appraisal spreadsheet. (Def's Ex C.) That error was carried over into the appraisal spreadsheets for subsequent years. That "copying error" was contained in the "records of the assessor," the "field notes," and "assessment roll." ORS 311.205(1)(a); OAR 150.311.205(1)(a)(3)(a). Not including the value of the Plaintiffs' attached garage on the tax roll was a "copying error" found in the records of the assessor because the existence and square footage of the attached garage were *Page 5 
contained in the appraisal record but not "copied" into the valuation section and, therefore, not placed on the tax roll.
2. "[W]ould have been corrected as a matter of course" ORS 311.205(1)(a)

The second statutory consideration is whether the error, "had it been discovered by the assessor or the department prior to certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course[.]" (Id.) Defendant contends that the error was discovered in Defendant's work file, and would have been corrected had it been discovered before the tax roll was certified. (Def's Ltr, June 3, 2009.) The error reduced the total square footage of the residence by 884 square feet. That error resulted in the $30,900 value of the attached garage not being included in the tax roll, and an additional tax due in the amount of $2,929.62. (Ptfs' Compl at 2.) The court is satisfied that an error of $30,900 in value would have been corrected by Defendant as a matter of course, had it been discovered prior to certification. ORS 311.205(1)(a).
3. "[T]he information necessary to make the correction is contained insuch records" ORS 311.205(1)(a)
The third statutory consideration is whether "the information necessary to make the correction is contained in such records." Id. In Jacobus v.Deschutes County Assessor, this court held that the certain information necessary to make the correction was contained in the assessor's records, and, therefore, a correctable clerical error. TC-MD 020015C at 4-5, WL 1967101 (Aug 23, 2002). In Jacobus, the assessor's computer program substituted a zero for the maximum assessed value of the raw land when computing the new value. Id. at 3. The new value should have been calculated by multiplying the prior maximum assessed value and the statutorily required percentage. Both the previous maximum assessed value and the statutorily required percentage were contained in the assessor's records. Id. at 5. *Page 6 
In the current appeal, the appraisal spreadsheets printed August 21, 1995, include an 884 square foot garage in the "structural detail" section, but did not include the value of the attached garage in the valuation section. (Def's Ex C.) The valuation section lists each feature of the property, the square footage, the cost factor, and the resulting value. However, Defendant stated that, other than the main level, the square footage of each section of the home must be manually entered into the valuation module to generate a value. (Def's Ex C; Declaration of Matt Healy at 2, paragraph 4.) The value of the attached garage was not entered into the valuation section of the appraisal spreadsheet because neither the garage nor square footage of the garage was listed in the valuation section. (Def's Ex C.) The value of the attached garage should have been determined by multiplying the 884 square feet of the garage and the cost factor that was contained in Defendant's records. (Id.) Here, the record shows that the appraiser calculated the square footage of the attached garage, 884 square feet. (Id.) The garage square footage, had it been copied to into the valuation section of the appraisal spreadsheet, would be multiplied by the cost factor to determine the value of the attached garage. As in Jacobus, the information necessary to make the calculation was contained in Defendant's records. "The information necessary to make the correction" was the square footage of the attached garage, 884 square feet, and the cost factor. Both the square footage and cost factor were contained in Defendant's records, the appraisal spreadsheet printed August 1, 1995. (Id.)
B. Valuation Judgment
Plaintiffs argue that the correction would be a revaluation of already assessed property and, therefore cannot be corrected, citing OAR 150.311.216(2)(b), which prohibits revaluation of property that has been "omitted" after a physical appraisal. (Ptfs' Complaint at 3.) OAR 150.311.216 is not applicable because Defendant does not seek to add the value of the *Page 7 
garage as "omitted property." "Omitted property includes any part of any real or personal property that has been omitted due to the assessor's lack of knowledge of its existence." (Id.) That is a different situation. The garage is not "omitted property" because the appraiser was aware of its existence and included it on the 1995 appraisal spreadsheet and diagram. (Def's Ex C; Def's Ex B.)
Plaintiffs also argue that the attached garage was added to the tax roll and that Plaintiffs have paid taxes on the value of the garage since the 1996-97 tax year. (Ptfs' Ltr at 1, May 31, 2009.) However, the appraisal records printed August 21, 1995; June 5, 2000; and November 2, 2007, indicate that the value of the attached garage was not placed on the tax roll because no value was listed for the attached garage until the correction was made on the appraisal spreadsheet printed January 6, 2009. (Def's Ex C; Def's Ex D; Def's Ex E; Def's Ex F.)
 III. CONCLUSION
Defendant not including the value of Plaintiffs' attached garage on the tax roll was a "clerical error" and, therefore, correctable under ORS311.205 for the six tax years 2003-04 through 2008-09. That error arose from a copying error in the tax records of the assessor because the square footage was listed in the structural details section, but not copied into the valuation section. The error was such that, if it had been discovered by the assessor prior to certification of the tax roll, it would have been corrected as matter of course. The information *Page 8 
necessary to make the correction — the square footage and cost factor — was contained in the appraisal records. The correction was not a valuation judgment. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on August20, 2009. The Court filed and entered this document on August 20, 2009.
[1] Unless otherwise noted, all references to Oregon Revised Statutes (ORS) are to 2007.
[2] All references to Oregon Administrative Rules (OAR) are to 2007. *Page 1